UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SEAN MCGINTY, an individual,<br><br>              Plaintiff,<br><br>     v.<br><br>HOLT OF CALIFORNIA; and DOES 1 through 50, inclusive,<br><br>              Defendants. | No. 2:22-cv-00865 WBS AC<br><br>MEMORANDUM AND ORDER RE: <u>PLAINTIFF'S MOTION TO REMAND</u> |

----oo0oo----

Plaintiff brought this employment action in state court against his former employer, defendant Holt of California ("defendant") alleging he was terminated in retaliation of blowing the whistle on unlawful workplace practices. (Notice of Removal, Ex. A, Compl. ("Compl.") (Docket No. 1).) Defendant removed the action to this court, and now plaintiff moves to remand. (Docket Nos. 1, 5.)

I.   <u>Factual and Procedural Background</u>

On or about October 1, 2019, plaintiff began work as a

1

1  Field Preventative Maintenance Mechanic for defendant.  (Compl. ¶
2  13.)  Defendant is a corporation that sells and rents heavy
3  equipment and provides maintenance services to customers in the
4  construction equipment industries.  (Id. ¶ 2.)
5       The complaint alleges that between February and March
6  of 2020, defendant ordered plaintiff three times to work on a
7  machine at a landfill that was filled with asbestos.  (Id. ¶¶ 16,
8  20, 21.)  Plaintiff completed the work the first two times he was
9  ordered to do so.  (Id. ¶¶ 16, 20.)
10      The third time defendant ordered him to service the
11 machine, on or about March 26, 2020, plaintiff told his managers
12 about the asbestos covered machine and landfill.  (Id. ¶ 21.)
13 The managers informed plaintiff that he would be provided with
14 the proper equipment and that the machine would be washed before
15 he serviced it.  (Id.)  The complaint alleges that plaintiff was
16 not provided with any protective equipment and that the machine
17 was not washed upon his arrival at the landfill, and therefore,
18 he refused to work on the machine.  (Id. ¶¶ 22-23.)
19      On or about March 26, 2020 plaintiff's manager informed
20 plaintiff that he was under an investigation by human resources.
21 (Id. ¶ 24.)  On or about March 30, 2020 plaintiff was terminated
22 by his manager.  (Id. ¶ 26.)
23      Plaintiff brought this action in San Joaquin County
24 Superior Court alleging the following retaliation-based claims:
25 (1) violation of California Labor Code § 1102.5; (2) violation of
26 California Labor Code § 6310; (3) violation of California Labor
27 Code § 6311; and (4) wrongful termination in violation of public
28 policy.  (See Compl.)

On May 20, 2022, defendant removed plaintiff's action to this court based on federal question jurisdiction, 28 U.S.C. § 1331, and preemption under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Notice of Removal ¶ 4.). On June 17, 2022, plaintiff moved to remand this action on grounds that his claims are not preempted by section 301. (Docket No. 5.)

II.  Discussion

By way of background, Section 301 of the LMRA provides federal question jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Here, there was a collective-bargaining agreement ("CBA") between defendant and a union. (See Decl. of Larry Kazanjian, Ex. B (Docket No. 7-1).) "[T]he Supreme Court has interpreted [Section 301] to compel the complete preemption of state law claims brought to enforce collective bargaining agreements." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 560 (1968)). Pursuant to the doctrine of complete preemption, a state law claim preempted by Section 301 "is considered, from its inception, a federal claim, and therefore arises under federal law." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir. 2000). Such claims may be removed to and heard in federal court. Jackson v. S. Cal. Gas Co., 881 F.2d 638, 646 (9th Cir. 1989).

Whether plaintiff's claims are preempted by the LMRA is a two-step inquiry. First, a court must determine whether the

1    asserted claim involves a right which "exists solely as a result
2    of the CBA" or "by virtue of state law."  Kobold v. Good
3    Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1032 (9th Cir. 2016)
4    (quotations omitted).  If the right exists solely because of the
5    CBA, then the state law claim is preempted.  Id.  If the right
6    exists independently of the CBA, then the court must move to the
7    "second step, asking whether the right is nevertheless
8    substantially dependent on analysis of a [CBA]."  Id. (quotations
9    omitted).  If it is, then the state law claim is preempted.
10            For the first step, "a court must focus its inquiry on
11   the legal character of a claim . . . and not whether a grievance
12   [under the CBA] arising from precisely the same set of facts
13   could be pursued."  Id. at 1033 (quotations omitted and emphasis
14   in original).  All four of plaintiff's claims are based upon his
15   rights as a whistleblower under California state law.  The
16   complaint specifically alleges violations of California Labor
17   Code sections 1102.5, 6310, and 6311, and wrongful termination in
18   violation of public policy.  These sections of the California
19   Labor Code provide an employee with protection against
20   retaliation when he discloses, or may disclose, information about
21   the employer's violation of a law or regulation, or when an
22   employee refuses to perform work in unsafe working conditions.
23   See Cal. Lab. Code §§ 1102.5, 6310, 6311.  Such claims do not
24   arise from the CBA.
25            Defendant argues that the claims arise from the CBA
26   because they "relate to and arise out [plaintiff's] employment
27   with [d]efendant." (Def.'s Opp'n at 5 (Docket No. 7).)  However,
28   "the mere existence of a [CBA] does not compel preemption of

4

plaintiff's state law retaliation claim[s]."  Miller v. Bimbo Bakeries USA, Inc., No. C-11-00378, 2011 WL 1362171, at *3 (N.D. Cal. Apr. 11, 2011).  Because plaintiff's alleged claims do not involve a right which exists solely based on the CBA, the court turns to the second step of the inquiry.

For the second step, whether plaintiff's state law rights are substantially dependent on analysis of the CBA, defendant argues that plaintiff's retaliation claims will require defendant to show that there was "just cause," or a non-retaliatory reason, for plaintiff's termination.  (Def.'s Opp'n at 5.)  Defendant argues that plaintiff was terminated for falsification of time records and driving his assigned company vehicle home without permission.  (Id. at 2.)  In order to defend against plaintiff's retaliation claims, defendant argues that it will need to rely on multiple provisions within the CBA, including "shifts, hours, overtime and working conditions," "grievance committee and arbitration," "administrative rights of parties," and "safety."  (Id. at 7.)

The Ninth Circuit has held that Section 301 of the LMRA will not preempt a state law claim merely because "the defendant refers to [a] CBA in mounting a defense."  Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001).  A "defensive argument does not overcome the paramount policies embedded in the well-pleaded complaint rule . . . [otherwise] the plaintiff would be master of nothing."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987).  "[T]he bare fact that [the CBA] will be consulted in the course of state-law litigation plainly does not require the [state law] claim to be

extinguished" in favor of LRMA section 301.  Livadas v. Bradshaw, 512 U.S. 107, 124 (1994).

Accordingly, whether defendant had a non-retaliatory reason to terminate plaintiff is a "purely factual inquiry [that] likewise does not turn on the meaning of any provision of a [CBA]".  Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 407 (1988).  Resolution of whether there was just cause for plaintiff's termination, "pursuant to [the CBA], on the one hand, and state law, on the other, would require addressing precisely the same set of facts," but the "state law claim can be resolved without interpreting the agreement itself."  Id. at 409-10 (holding that the plaintiff's suit in state court for retaliatory discharge was not preempted even though there was a pending grievance alleging discharge without just cause pursuant to a CBA); see also Miller, 2011 WL 1362171, at *4 ("[P]laintiff's retaliation claim can be properly resolved without interpreting the [CBA].").  Defendant may present non-retaliatory motives for plaintiff's termination whether or not the CBA references such motives.  See Miller, 2011 WL 1362171, at *3.

For the foregoing reasons, plaintiff's state law claims are not preempted by LMRA section 301.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Docket No. 5) be, and the same hereby is, GRANTED; and this action is hereby REMANDED the Superior Court of the State of California, in and for the County of San Joaquin.

Dated:  August 9, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6